IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | CASE NO. 3:21 CR 800 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **JACKSON STANLEY,** | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

### INTRODUCTION

Currently pending before the Court is *pro se* Defendant Jackson Stanley's Motion for Reduction of Sentence. (Doc. 31). The Government responded in opposition (Doc. 33), and Stanley replied (Doc. 36). For the reasons discussed below, Stanley's motion is denied.

### BACKGROUND

In May 2021, Stanley was charged in a criminal complaint with one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (Doc. 1). He was arrested in October 2021 and indicted on the same charge in November 2021. (Doc. 8). At the time of his actions underlying the charge, Stanley was serving a term of parole on a Michigan state sentence. *See* Doc. 16, at 4. At the time of his arrest on the federal charge, Stanley was in custody on a parole violation at the Lakeland Correctional Facility in Coldwater, Michigan; he was released to federal officials on a writ. *Id.* At the time of the presentence investigation report:

> The Monroe County Parole and Probation Office verified that the defendant is currently incarcerated, but the agency was unable to provide any further details. According to the Michigan Department of Corrections website, the defendant is currently incarcerated at the Lakeland Correctional Facility in Coldwater,

Michigan, but he was released on a writ on October 14, 2021 (current federal detention at the CCNO).

*Id.* at 11.

On March 2, 2022, Stanley entered a guilty plea to the federal charge (*see* Doc. 26), and on June 9, 2022, the Court sentenced him to 33 months' imprisonment (*see* Docs. 20, 27). The Court ordered that the term of custody "shall run CONCURRENTLY to the Defendant's remaining sentence previously imposed by the 38th Judicial Circuit Court in Monroe, Michigan, in case number 17-243646"[1]. (Doc. 20, at 2). At the sentencing hearing, the Court stated its belief Stanley would get credit for time served in custody between his arrest and sentencing. *See* Doc. 27, at 21, 25.

## DISCUSSION

Stanley moves this Court to reduce his sentence by the seven months and twenty-six days between his arrest on October 14, 2021, and his sentencing on June 9, 2022. He contends that this is "the sentence the Court stated on the record that it intended to impose". (Doc. 36). The Government responds that (1) Stanley failed to exhaust his administrative remedies; (2) Stanley does not present an extraordinary and compelling reason to justify the remedy he seeks; (3) the § 3553(a) factors do not support a sentence reduction; and (4) to the extent Stanley is challenging the Bureau of Prison's calculation of his credit for time served, such a challenge is properly brought under § 2241 in the district in which Stanley is confined. For the reasons discussed below, the Court finds Stanley exhausted his administrative remedies as statutorily required, but that he has not presented an extraordinary and compelling reason for a reduction of his sentence.

---

1. This appears to be a typographical error. The PSR and Michigan state court records indicate the correct case number is 17-2436<u>5</u>6. *See* Doc. 16, at 11.

2

Title 18 U.S.C. § 3582(c)(1) – the statute upon which Stanley relies as the basis for his motion – provides:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--
>
> **(1)** in any case--
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> > **(i)** extraordinary and compelling reasons warrant such a reduction; or
>
> * * *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[.]

18 U.S.C. § 3582(c). A district court "may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others"; but "[i]n granting a compassionate-release motion, district courts must address all three steps." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

Exhaustion

The Government first argues Stanley's motion should be denied because he failed to exhaust his administrative remedies relative to the above statute upon which he now relies.

Stanley responds that he exhausted his claim. In support, Stanley attaches[2] an email he sent the Warden requesting "that the BOP make a motion on [his] behalf to reduce [his] sentence by 7 months". (Doc. 35-1).[3] It asserts "an extraordinary and compelling reason exists to make this motion and correct my sentence." *Id.* The Warden responded: "You will need to file with the court on your own behalf." *Id.*

As set forth above, 18 U.S.C. § 3582(c)(1)(A) requires a prisoner seeking modification of a term of imprisonment to administratively exhaust such a request. Although Stanley did not cite the compassionate release statute in his email, his request that the Bureau of Prisons ("BOP") file a motion on his behalf and the citation to "extraordinary and compelling reasons" make it sufficiently clear. Upon review, the Court therefore finds Stanley has satisfied the exhaustion requirement.

"Extraordinary and Compelling Circumstance"

In Reply, Stanley clarifies that he is solely seeking a "discretionary sentence reduction", not challenging his sentence calculation; he asks the Court to "reduce his sentence by 7 months and 26 days because there is a 7 month and 26 day discrepancy between the sentence the Court stated on the record that it intended to impose and the sentence it did impose." (Doc. 36, at 3); *see also* Doc. 36, at 5 ("Stanley is asking for a compassionate reduction to address the disparity between the actual sentence[] imposed and the sentence the Court stated at sentencing that it intended to impose.").

Section 3582(c) does not define "extraordinary and compelling." But the Sentencing Commission recently issued a revised policy statement regarding sentence reductions under 18

---

2. The email was docketed as attached to Doc. 35, Stanley's motion for extension of time in which to file his Reply, rather than the Reply itself, Doc. 36. *See* Doc. 35-1.
3. This email as also attached to Stanley's original motion. *See* Doc. 31-1.

4

U.S.C. § 3582(c)(1)(A). The policy statement identifies six circumstances that, individually or in combination, may provide "extraordinary and compelling reasons" for a reduction in sentence. U.S.S.G. § 1B1.13(b)(1)–(6) (effective November 1, 2023).[4] These are: certain medical circumstances of the defendant, such as terminal illness or the inability to receive specialized medical care while incarcerated, *id.* § 1B1.13(b)(1); the defendant's age, *id.* § 1B1.13(b)(2); the defendant's family circumstances, *id.* § 1B1.13(b)(3); the fact that the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, *id.* § 1B1.13(b)(4); the defendant received an "unusually long sentence," *id.* § 1B1.13(b)(6); and "any other circumstances or combination of circumstances . . . similar in gravity to" the circumstances "described in paragraphs (1) through (4)." *Id.* § 1B1.13(b)(5).[5]

---

4. Until recently, however, the policy statement set forth in § 1B1.13 was not binding on this Court in evaluating motions for compassionate release filed directly by prisoners. The version of § 1B1.13 that was in effect until November 1, 2023,[2] was adopted before the First Step Act, and therefore did not account for the fact that defendants are now permitted to file their own motions for compassionate release. The Sixth Circuit had therefore held it was not an "applicable" policy statement under 18 U.S.C. § 3582(c)(1)(A), an "in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts [had] discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021). The policy statement effective November 1, 2023 now begins: "Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . ." U.S.S.G. § 1B1.13. As such, it is now an "applicable" policy statement.

5. Further, even prior to the enactment of this policy statement, the Sixth Circuit previously noted, "an 'extraordinary and compelling reason,'" in ordinary terms, is "one that is unusual, rare, and forceful." *United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir. 2022). And it found even sentencing errors do not typically amount to "extraordinary and compelling reasons". *See United States v. West*, 70 F.4th 341, 348 (6th Cir. 2023) ("Abiding by the spirit and language of *McCall*, as well as the persuasive authority of at least five sibling circuits, we must conclude that the presumed sentencing error in West's case cannot serve as an extraordinary and compelling reason for his compassionate release."); *United States v. Cook*, 2022 WL 2447897, at *3 (3d Cir.) (finding that a mistake at sentencing was not an "extraordinary and compelling reason"); *cf. see also United States v. White*, 2022 WL 1028826, at *1 (N.D. Ohio) ("The only difference between now and the circumstances at the time of sentencing is an alleged miscalculation by the BOP of the relationship between Defendant's state and federal sentence. This alleged error,

Here, the Court sentenced Stanley to 33 months' imprisonment. This is both the sentence stated by the Court on the record and the sentence memorialized in the Judgment. (Doc. 20, at 2); (Doc. 27, at 24). Thus, Stanley's argument that a reduction is necessary "to address the disparity between the actual sentence[] imposed and the sentence the Court stated at sentencing that it intended to impose" (Doc. 36, at 5), is incorrect. That perhaps the Court, Stanley, and others at the sentencing hearing were mistaken about how much (if any) presentence incarceration time for which Stanley could receive credit against his federal sentence does not rise to the level of an "extraordinary and compelling circumstance" under 18 U.S.C. § 3582(c)(1)(A). Nor would a reduction based thereupon be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Stanley's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) be, and the same hereby is, DENIED.

 s/ *James R. Knepp II*  
UNITED STATES DISTRICT JUDGE

---

amounting to approximately one year of time served, does not constitute an extraordinary and compelling reason to reduce sentence.").